IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMON W. PERSHALL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CIV-13-625-HE |
| v. ) | |
| ) | |
| GENE CAIN, et al., ) | |
| ) | |
| Defendants. ) | |

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). An initial review of the sufficiency of the cause of action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) has been conducted, and based upon this review and the findings set forth herein the undersigned recommends that the cause of action be dismissed without prejudice upon filing.

I. Statutory Screening of Prisoner Complaints

The Court must screen complaints brought by prisoners seeking relief against a

---

[1] At the time Plaintiff filed his Complaint, he was confined as a convicted felon at the Caddo County Jail. See Complaint, at 1 (alleging Sheriff of Caddo County was authorized by the District Court of Caddo County to hold him until he was transferred to a state prison).

1

governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The same screening of a civil complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). On review, the Court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247-1248 (10th Cir. 2008)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The allegations in a complaint must present "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Further, a claim is frivolous "where it lacks an arguable basis either in law or in fact" or is "based on an indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989).

Although Plaintiff's *pro se* pleadings must be liberally construed, his *pro se* status does not excuse him from complying with the fundamental requirements of the Federal Rules of Civil Procedure. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(*per curiam*); Ogden v. San Juan Cnty., 32 F.3d 452, 455 (10th Cir. 1994).

II. Analysis

Plaintiff's Complaint vaguely alleges that conditions at the Caddo County jail are unconstitutional and that the jail lacks certain policies and procedures concerning the treatment of prisoners. However, "[a]n Eighth Amendment claim has both an objective component - whether the deprivation is sufficiently serious - and a subjective component - whether the official acted with a sufficiently culpable state of mind," which in conditions of confinement cases requires a showing that the official was deliberately indifferent to an excessive risk to the inmate's health and safety. Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 809 (10th Cir. 1999). Moreover, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Ashcroft, 556 U.S. at 676. "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.

Plaintiff alleges in the Complaint that his meals are served cold, the jail has no "laundry schedule" and inmates wear the same clothes "for up to 13-14 days," sick call procedures and grievance procedures are not "posted in pods" or are insufficient, he is permitted to read "only" religious material, there are no "canteen privileges," there is no "property matrix posted," he is "unable to assist other [detainees] with legal work," there are no self-enhancement "programs," his mail is delivered to him "opened," there is insufficient personal hygiene materials, there is "no freedom of religion," there is "no due process of privileges," there is "no time allowed on recreation yard," and there is "no medical staff on

grounds." These generalized, vague allegations devoid of specific facts or allegations of personal involvement of one or more jail officials, considered singly or in combination with each other, fail to allege specific facts stating a plausible claim of an Eighth Amendment deprivation under the governing standard.

Plaintiff was advised of the deficiencies in his Complaint as described above and given the opportunity to file an amended complaint. However, Plaintiff has not filed an amended complaint and the time given him to do so has expired. Consequently, the action should be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) because he has failed to state a plausible claim upon which relief may be granted in this 42 U.S.C. § 1983 action.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the cause of action be dismissed without prejudice upon filing pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for failure to state a claim upon which relief can be granted. Plaintiff is notified that a dismissal of this cause of action pursuant to 28 U.S.C. §1915A(b) or §1915(e)(2)(B) may constitute one "strike" pursuant to 28 U.S.C. §1915(g) upon affirmance or waiver of his opportunity to appeal. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by __September 16th__, 2013, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of both factual and legal issues contained

herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not addressed herein is denied.

ENTERED this   26th   day of   August  , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE